1  LAWRENCE M. HADLEY – State Bar No. 157728
   lhadley@glaserweil.com
2  JASON C. LINGER – State Bar No. 323,031
   jlinger@glaserweil.com
3  GLASER WEIL FINK HOWARD
      JORDAN & SHAPIRO LLP
4  10250 Constellation Boulevard, 19th Floor
   Los Angeles, California 90067
5  Telephone:  (310) 553-3000
   Facsimile:  (310) 556-2920
6
7  Attorneys for Defendant
   NETLIST, INC.

## UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MEMBLAZE LIMITED,<br><br>                      Plaintiff,<br><br>v.<br><br>NETLIST, INC.,<br><br>                      Defendant. | Case No. 8:23-cv-00790-HDV-KES<br><br>**DEFENDANT NETLIST, INC.'S ANSWER TO PLAINTIFF MEMBLAZE LIMITED'S COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Defendant Netlist, Inc. ("Netlist") hereby responds to Plaintiff Memblaze Limited's ("Memblaze") Complaint as follows. The headings and numbered paragraphs below correspond to the headings and numbered paragraphs of the Complaint. Any allegations or averments not specifically admitted herein are denied.

1.  Paragraph 1 states conclusions of law as to which no response is required. To the extent a response is required, Netlist admits that Plaintiff's pleading purports to be a Complaint against Defendant Netlist, Inc.

## INTRODUCTION

2.  Netlist denies the allegations in paragraph 2 of the Complaint.

3.  Netlist admits that it received 3,526 SSDs. Netlist denies that a Purchase Order contract existed between the parties. As to the remaining allegations in paragraph 3, Netlist lacks sufficient knowledge or information to form a belief as to the truth of the allegations, and therefore denies the same.

4.  Netlist denies that a Purchase Order contract existed between the parties. Netlist admits that it sought to return the SSDs received without a contract, but alleged that Memblaze refused to accept the return. Netlist lacks sufficient knowledge or information to form a belief as to the truth of the remining allegations in paragraph 4 of the complaint, and therefore denies the same.

5.  Netlist denies the allegations in paragraph 5 of the Complaint.

6.  Netlist admits that it has not paid Memblaze for the SSDs received. Netlist denies the remaining allegations in paragraph 6 of the Complaint.

7.  Paragraph 7 contains conclusions of law as to which no response is required. To the extent a response is required, Netlist admits that Plaintiff seeks damages in this case. Netlist denies the remaining allegations in paragraph 7 of the Complaint.

## PARTIES

8.  Netlist lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 8 of the Complaint, and therefore denies the

same.

9. Netlist admits that it is a Delaware corporation. Netlist admits that it uses the property located at 111 Academy Way, Suite 100, Irvine, California 92617. Except as expressly admitted, Netlist denies the remaining allegations in paragraph 9 of the Complaint.

## JURISDICTION AND VENUE

10. Paragraph 10 contains conclusions of law as to which no response is required. To the extent a response is required, Netlist admits that the Complaint purports to assert an action that this Court has subject matter jurisdiction over under 28 U.S.C. 1332. Except as expressly admitted, Netlist denies the remaining allegations in paragraph 10.

11. Paragraph 11 contains conclusions of law as to which no response is required. To the extent a response is required, Netlist admits that the Complaint purports to assert an action that is proper within this venue under 28 U.S.C. 1391. Except as expressly admitted, Netlist denies the remaining allegations in paragraph 11.

## FACTUAL BACKGROUND

**The Contract**

12. Netlist lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 12 of the Complaint, and therefore denies the same.

13. Netlist denies that a valid "Purchase Order" existed between Netlist and Memblaze. Netlist lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 13 of the Complaint, and therefore denies the same.

14. Netlist denies the allegations in paragraph 14 of the Complaint.

15. Netlist denies the allegations in paragraph 15 of the Complaint.

16. Netlist admits that it received 3,526 SSDs. Netlist lacks sufficient

knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 16 of the Complaint, and therefore denies the same.

17.   Netlist denies that a valid "Purchase Order" existed between Netlist and Memblaze.  Netlist lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 17 of the Complaint, and therefore denies the same.

**The Dispute**

18.   Netlist admits that it sent Memblaze an email on or about July 12, 2022. Netlist denies that a valid "Purchase Order" existed between Netlist and Memblaze. Netlist admits that it has made no payment to Memblaze and alleges that it properly sought to return the SSDs it received but Memblaze refused to accept the return. Netlist lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 18 of the Complaint, and therefore denies the same.

19.   Netlist admits that it sent Memblaze an email on or about July 28, 2022, and the email speaks for itself.  Netlist lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 19 of the Complaint, and therefore denies the same.

20.   Netlist denies the allegations in paragraph 20 of the Complaint.

21.   Netlist denies the allegations in paragraph 21 of the Complaint.

22.   Netlist denies that a valid "Purchase Order" existed between Netlist and Memblaze.  Netlist admits that it has made no payment to Memblaze and alleges that it properly sought to return the SSDs it received but Memblaze refused to accept the return.  Netlist lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 22 of the Complaint, and therefore denies the same.

23.   Netlist denies the allegations in paragraph 23 of the Complaint.

# FIRST CAUSE OF ACTION
# BREACH OF CONTRACT

24. Netlist repeats and incorporates by reference its responses to the allegations of the foregoing paragraphs of the Complaint as described above.

25. Netlist denies the allegations in paragraph 25 of the Complaint.

26. Netlist denies that a valid "Purchase Order" existed between Netlist and Memblaze. Netlist admits that it properly sought to return the SSDs it received but Memblaze refused to accept the return. Netlist denies the remaining allegations in paragraph 26 of the Complaint.

27. Netlist denies that a valid "Purchase Order" existed between Netlist and Memblaze. Netlist admits that it properly sought to return the SSDs it received but Memblaze refused to accept the return. Netlist denies the remaining allegations in paragraph 27 of the Complaint.

28. Netlist denies that a valid "Purchase Order" existed between Netlist and Memblaze. Netlist admits that it properly sought to return the SSDs it received but Memblaze refused to accept the return. Netlist lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 28 of the Complaint, and therefore denies the same.

29. Netlist denies that a valid "Purchase Order" existed between Netlist and Memblaze. Netlist admits that it properly sought to return the SSDs it received but Memblaze refused to accept the return. Netlist lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 28 of the Complaint, and therefore denies the same.

30. Netlist admits that is has not paid for the SSDs it received. Netlist denies the remaining allegations in paragraph 30 of the Complaint.

31. Netlist admits that it is not required to accept further SSDs from Memblaze. Netlist denies the remaining allegations in paragraph 31 of the Complaint.

32. Netlist denies the allegations in paragraph 32 of the Complaint.

33. Netlist denies the allegations in paragraph 33 of the Complaint.

## SECOND CAUSE OF ACTION

## BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

34. Netlist repeats and incorporates by reference its responses to the allegations of the foregoing paragraphs of the Complaint as described above.

35. Netlist denies the allegations in paragraph 35 of the Complaint.

36. Netlist denies the allegations in paragraph 36 of the Complaint.

37. Netlist denies the allegations in paragraph 37 of the Complaint.

38. Paragraph 38 contains conclusions of law and not averments of fact to which the rules require an answer, but insofar as the rules require an answer, Netlist lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 38 of the Complaint, and therefore denies the same.

39. Netlist lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 39 of the Complaint, and therefore denies the same.

40. Netlist denies the allegations in paragraph 40 of the Complaint.

41. Netlist denies the allegations in paragraph 41 of the Complaint.

## THIRD CAUSE OF ACTION

## COMMON COUNT FOR GOODS DELIVERED

42. Netlist repeats and incorporates by reference its responses to the allegations of the foregoing paragraphs of the Complaint as described above.

43. Paragraph 43 contains conclusions of law to which no response is required. To the extent a response is required, Netlist denies the allegations in paragraph 43 of the Complaint.

44. Netlist admits that it received 3,526 SSDs. Netlist denies the remaining allegations in paragraph 44 of the Complaint.

45. Netlist admits that it has not paid for the SSDs it received. Netlist denies the remaining allegations in paragraph 45 of the Complaint.

46. Netlist denies the remaining allegations in paragraph 46 of the Complaint.

## FOURTH CAUSE OF ACTION
## PROMISSORY ESTOPPEL

47. Netlist repeats and incorporates by reference its responses to the allegations of the foregoing paragraphs of the Complaint as described above.

48. Netlist admits that paragraph 48 of Plaintiff's pleading purports that Plaintiff is seeking recovery under the doctrine of promissory estoppel as an alternative to its breach of contract claim. Paragraph 48 contains conclusions of law to which no response is required. To the extent a response is required, Netlist denies the remaining allegations in paragraph 48 of the Complaint.

49. Netlist denies the allegations in paragraph 49 of the Complaint.

50. Netlist denies the allegations in paragraph 50 of the Complaint.

51. Netlist lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 51 of the Complaint, and therefore denies the same.

52. Netlist admits that is has not paid for the SSDs it received. Netlist lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 52 of the Complaint, and therefore denies the same.

53. Netlist lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 53 of the Complaint, and therefore denies the same.

54. Netlist denies the allegations in paragraph 54 of the Complaint.

## PRAYER FOR RELIEF

Netlist denies that Plaintiff is entitled to any relief in this Action, as requested in paragraphs (a) through (d) of Plaintiff's Prayer for Relief, or otherwise.

## AFFIRMATIVE DEFENSES

Further answering the Complaint and as additional defenses thereto, Netlist asserts the following separate and affirmative defenses ("Affirmative Defenses"). By alleging the Affirmative Defenses set forth below, Netlist intends no alteration of the burden of proof and/or burden of going forward with evidence which otherwise exists with respect to any particular issue at law or in equity. Furthermore, all such defenses are pled in the alternative, and do not constitute an admission of liability or that Memblaze is entitled to any relief whatsoever. Netlist reserves the right to raise additional affirmative defenses as they becomes known to it through discovery or investigation.

### FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

The Complaint, and each allegation therein, fails to state a claim upon which relief can be granted, in part, because no valid contract existed between the parties.

### SECOND AFFIRMATIVE DEFENSE
### (Statute of Frauds)

Plaintiff's claims are barred by the Statute of Frauds.

### THIRD AFFIRMATIVE DEFENSE
### (Parol Evidence)

To the extent a valid agreement exists, the Complaint fails insofar as it relies on parol evidence, including the purported "Non-Cancellable, Non-Returnable" or "NCNR" provision, that is not found in the alleged agreement, in which there is an "Entire Agreement" provision.

### FOURTH AFFIRMATIVE DEFENSE
### (Commercial Impracticability)

Defendant had no obligation to perform under the alleged agreement due to commercial impracticability.

## FIFTH AFFIRMATIVE DEFENSE

### (Frustration of Purpose)

Defendant had no obligation to perform under the alleged agreement due to frustration of purpose.

## SIXTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

Plaintiff's right to recovery, if any, must be offset by its failure to reasonably mitigate its alleged losses.

## SEVENTH AFFIRMATIVE DEFENSE

### (Equitable Doctrines)

Plaintiff's purported claims are barred, in whole or in part, by the equitable doctrines of unclean hands, laches, waiver, mistake, and estoppel, including but not limited to Memblaze's refusal to accept the return of SSDs that it shipped without a valid contract between the parties.

## CONCLUSION AND PRAYER FOR RELIEF

WHEREFORE, Netlist prays for judgment that:

a. The Complaint is dismissed in its entirety with prejudice;

b. That the Court adjudicate and declare that no valid contract existed between the parties;

c. That Netlist be awarded its attorneys' fees and costs in this action; and,

d. Netlist be awarded such other and further relief as the Court deems just and proper.

DATED: June 29, 2023

GLASER WEIL FINK HOWARD
JORDAN & SHAPIRO LLP

By: /s/ Lawrence M. Hadley
LAWRENCE M. HADLEY

*Attorneys for Defendant Netlist, Inc.*

## **DEMAND FOR JURY TRIAL**

In accordance with Fed. R. Civ. P. 38(b) and L.R. 38-1, Defendant Netlist hereby demands a trial by jury in this action on all issues so triable.

DATED:  June 29, 2023

GLASER WEIL FINK HOWARD
JORDAN & SHAPIRO LLP

By: */s/ Lawrence M. Hadley*
LAWRENCE M. HADLEY

*Attorneys for Defendant Netlist, Inc.*