UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Memblaze Limited**,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>**Netlist, Inc.**,<br><br>　　　　　Defendant. | Case No. 8:23-cv-00790-HDV-KESx<br><br>**ORDER SETTING SCHEDULING CONFERENCE**<br><br>Hearing Date: 09/06/2023<br>Hearing Time: 10:00 a.m. |

1.

**READ THIS ORDER CAREFULLY.**

**IT CONTROLS THIS CASE AND DIFFERS FROM THE LOCAL RULES.**

This case has been assigned to United States District Judge Hernán D. Vera. This matter is set for a Scheduling Conference on the above date in Courtroom 5B of the First Street Courthouse, 350 West 1st Street, Los Angeles, California 90012.

A.   **PRELIMINARY MATTERS**

**1.**   **Service of Pleadings.**  If plaintiff has not already served the operative complaint on <u>all</u> defendants, plaintiff shall do so <u>promptly</u> and shall file proofs of service of the summons and complaint within three (3) days thereafter. *See* Fed. R. Civ. P. 4. Defendants also shall timely serve and file their responsive pleadings (if not previously done) and comply the requirements of Local Rule 5-3.2. At the Scheduling Conference, the court will set a date by which motions to amend the pleadings or add parties must be heard.

**2.**   **Order Applies to Pro Se Litigants.**  "Counsel," as used in this Order, includes parties who have elected to appear without counsel and are representing themselves in this litigation (hereinafter referred to as "Pro Se Litigants"). Pro Se Litigants must comply with this Order, the Federal Rules of Civil Procedure, and the Local Rules. *See* L.R. 1-3, 83-2.2.3. Pro Se Litigants are required to participate in the scheduling conference.

**3.**   **Notice to be Provided by Counsel.**  Plaintiff's counsel or, if plaintiff is a *Pro Se* Litigant, defendant's counsel, shall provide this Order to all known parties who have not yet appeared or who appear after the date of this Order.

**4.**   **Compliance with Fed. R. Civ. P. 26.**  The scheduling conference will be held pursuant to Fed. R. Civ. P. Rule 16(b). The parties are reminded of their obligations to (i) make initial disclosures "without awaiting a discovery request" (Fed. R. Civ. P. 26(a)(1)) and (ii) confer on a discovery plan at least twenty-one (21) days before the scheduling conference (Fed. R. Civ. P. 26(f)). The Court encourages Counsel to agree to begin to conduct discovery actively before the Scheduling Conference. At the very least, the parties shall comply fully with the letter and spirit of Fed. R. Civ. P. 26(a) and thereby obtain and produce most of what would be produced in the early

stage of discovery.  At the scheduling conference the Court will impose strict deadlines to complete discovery.

    **5.**    **Participation of Lead Trial Counsel and Unrepresented Parties.**  Lead trial counsel and any unrepresented parties must attend the scheduling conference, unless excused by the Court for good cause prior to the conference.

    **6.**    **Continuance.**  A request to continue the scheduling conference will be granted only for good cause.  The parties should plan to file the Joint Rule 26(f) Report on the original due date even if a continuance is granted.  The Court will not continue the scheduling conference to allow the parties to explore settlement.

    **7.**    **Vacating the Conference.**  The Court may vacate the scheduling conference and issue a case management order based on the Joint Rule 26(f) Report.

**B.**    **PARTIES MUST PREPARE AND FILE A JOINT RULE 26(F) REPORT**

The Joint Rule 26(f) Report must be filed not later than fourteen (14) days before the scheduling conference.  A Mandatory Chambers Copy of the Joint Rule 26(f) Report must be delivered to Judge Vera's box outside of the Clerk's Office on the fourth floor of the First Street Courthouse by noon the day after the Joint Rule 26(f) Report is filed.  The Report shall be drafted by plaintiff (unless plaintiff is a Pro Se Litigant or the parties agree otherwise) but shall be submitted and signed jointly.  "Jointly" means a single report, regardless of how many separately-represented parties exist in the case.  The Joint Rule 26(f) Report shall specify the date of the Mandatory Scheduling Conference on the caption page.  The Joint Rule 26(f) Report shall report all the following information, which include those required to be discussed by Rule 26(f) and Local Rule 26, and use numbered section headings and lettered sub-headings that correspond to those below:

    **1.**    **Statement of the Case.**  A short summary (not to exceed two (2) pages) of the main claims, counterclaims, affirmative defenses, and procedural history.

    **2.**    **Subject Matter Jurisdiction.**  A statement of the specific basis of federal jurisdiction, including supplemental jurisdiction.  For federal question jurisdiction, cite the federal law under which the claim arises.  For diversity jurisdiction, state each party's citizenship and the amount in controversy.

     **3.**     **Legal Issues.** A brief description of all key legal issues, including any significant procedural, substantive, or evidentiary motions.

     **4.**     **Parties, Evidence, etc.** A list of parties, percipient witnesses, and key documents on the main issues in the case. For conflict purposes, corporate parties must identify all subsidiaries, parents, and affiliates.

     **5.**     **Damages.** The realistic range of provable damages.

     **6.**     **Insurance.** Whether insurance coverage exists, the extent of coverage, and whether there is or will be a reservation of rights.

     **7.**     **Motions.**

     **(a)**     **Procedural Motions.** A statement of the likelihood of motions seeking to add other parties or claims, file amended pleadings, transfer venue, or challenge the court's jurisdiction.

     **(b)**     **Dispositive Motions.** A description of the issues or claims that any party believes may be determined by motion to dismiss or motion for summary judgment. The parties should refer to the Court's Standing Order for Motions for Summary Judgment for specific guidelines governing summary judgment motions. For patent cases, parties should refer to the Court's Standing Order regarding Patent Cases.

     **(c)**     **Class Certification Motion.** For a putative class action, the Court will set a deadline for hearing the class certification motion. The motion must be filed sufficiently far in advance of the deadline to allow for: (i) at least three (3) weeks between the filing of the reply and the hearing; (ii) four (4) weeks for the opposition; and (iii) two (2) weeks for the reply. The parties must act diligently and begin discovery immediately, because the motion must be filed not later than one hundred and twenty (120) days from the date originally set for the scheduling conference, unless the Court orders otherwise. Any request for additional time beyond the one hundred and twenty (120) days must be supported by a detailed "Class Certification Plan"—attached as an exhibit at the end of the Report— showing all anticipated activity and the corresponding date for each activity, up to the hearing on the motion. The failure to provide the Class Certification Plan will result in the denial of additional time.

**8. Discovery.**

    **(a)   Status of Discovery.**  A discussion of the present state of discovery, including a summary of pending and completed discovery, and any current or anticipated disputes.

    **(b)   Discovery Plan.**  A detailed discovery plan, as contemplated by Fed. R. Civ. P. 26(f).  State what, if any, proposed changes in the disclosures under Fed. R. Civ. P. 26(a) should be made; the subject(s) on which discovery may be needed and whether discovery should be conducted in phases or otherwise be limited; whether applicable limitations should be changed or other limitations imposed; and whether the Court should enter other orders.  A general statement to the effect that discovery will be conducted on all claims and defenses is unacceptable.

    **(c)   Discovery Cut-off.**  A proposed discovery cut-off date governing the completion of all fact discovery, including resolution of all discovery motions.

    **(d)   Expert Discovery.**  Proposed dates for expert witness disclosures (initial and rebuttal) and expert discovery cut-off under Rule 26(a)(2).

    **(e)   Settlement Conference/Alternative Dispute Resolution (ADR).**  A statement of what settlement negotiations have occurred, excluding any statement of the terms discussed.  If a Notice to Parties of Court-Directed ADR Program (Form ADR08) was filed in this case, the court will refer the matter for ADR.  The parties must state their preference in the Joint Rule 26(f) Report for: (i) the Magistrate Judge, (ii) the Court Mediation Panel, or (iii) a private mediator (at the parties' expense).  The Court will exercise its discretion to select an ADR option for the parties if they fail to state a preference.  No case will proceed to trial unless all parties, including an officer of all corporate parties (with full authority to settle the case), have appeared personally and participated in an ADR proceeding.

    **(f)   Trial.**

        **i.   Trial Estimate.**  Provide a realistic estimate, in days, of the court time required for trial and whether trial will be by jury or by court.  Each side should specify (by number, not by name) how many witnesses it contemplates calling.  If the time estimate for trial given in the Joint Rule 26(f) Report exceeds five (5) court days, counsel shall be prepared to discuss in detail the basis for the estimate.

    **ii.**  **Jury or Court Trial.**  Specify whether trial will be by jury or by court.  The default will be a court trial if the parties fail to specify.

    **iii.**  **Consent to Trial Before a Magistrate Judge.**  Whether the parties agree to try the case (either by jury or court trial) before a Magistrate Judge.  *See* 28 U.S.C. § 636 (requiring party consent).  The parties are strongly encouraged to consider consenting to trial before a Magistrate Judge.  One benefit to giving such consent is that the parties almost always will be able to proceed to trial sooner than on a District Court Judge's calendar.  Additionally, the parties are free to select from among all Magistrate Judges available for this purpose, not just the Magistrate Judge assigned to the parties' case.  The Magistrate Judges have experience and expertise in a variety of areas, including patent and trademark litigation.  If the parties consent to trial before a Magistrate Judge, the parties may choose any Magistrate Judge identified on the Central District website and submit the appropriate consent form.

    **iv.**  **Lead Trial Counsel.**  List the name of the attorney who will serve as lead trial counsel, as well as other attorneys who will participate in the trial.  Only one attorney for a party may be designated as lead trial counsel unless otherwise permitted by the Court.

  **(g)**  **Independent Expert or Master.**  State whether this is a case in which the Court should consider appointing a master pursuant to Fed. R. Civ. P. 53 or an independent scientific expert.  The appointment of a master may be especially appropriate if there are likely to be substantial discovery disputes, numerous claims to be construed in connection with a summary judgment motion, a lengthy *Daubert* hearing, a resolution of a difficult computation of damages, etc.

  **(h)**  **Other Issues.**  A statement of any other issues affecting case management, including unusually complex technical issues, related litigations, disputes over protective orders, extraordinarily voluminous document production, non-English speaking witnesses, reasonable ADA accommodations, discovery in foreign jurisdictions, the applicability of foreign law, the advanced age or health of parties or key witnesses, and any proposals concerning severance, bifurcation, or other ordering of proof.

1  C.  **SCHEDULE OF PRETRIAL AND TRIAL DATES WORKSHEET**

2  Counsel are to complete the Schedule of Pretrial and Trial Dates Worksheet attached below. The Court will then issue an order setting the schedule governing the case. The parties must make every effort to agree on all pretrial and trial dates.

5  D.  **COUNSEL MUST DELIVER ORDER TO CLIENTS**

6  Counsel are ordered to deliver to their clients a copy of this Order, which will contain the schedule that the Court sets at the scheduling conference.

**IT IS SO ORDERED.**

Dated: July 31, 2023

_____
Hernán D. Vera
United States District Judge

7.

**JUDGE HERNÁN D. VERA**
**SCHEDULE OF PRETRIAL AND TRIAL DATES WORKSHEET**
*Please complete this worksheet jointly and file it with your Joint Rule 26(f) Report.*
***The Court ORDERS the parties to make every effort to agree on dates.***

*Note:* Hearings shall be on Thursdays at 10:00 a.m.
Other dates can be any day of the week.

| Case No. | | Case Name: | | | |
|---|---|---|---|---|---|
| **Trial and Final Pretrial Conference Dates** | | Timing | Pl(s)' Date mm/dd/yyyy | Def(s)' Date mm/dd/yyyy | Court Order mm/dd/yyyy |
| Check one: [ ] Jury Trial or [ ] Court Trial (***Tuesday*** at 9:00 a.m.) Estimated Duration: _____ Days | | Within 18 months after Complaint filed | | | [ ] Jury Trial [ ] Court Trial _____ Days |
| Final Pretrial Conference ("FPTC") [L.R. 16] (***Tuesday*** at 10:00 a.m.) | | 21 days before trial | | | |
| Hearing on Motions In Limine | | 28 days before trial | | | |
| **Event** | | **Weeks After Scheduling Conference** | Pl(s)' Date mm/dd/yyyy | Def(s)' Date mm/dd/yyyy | Court Order mm/dd/yyyy |
| Last Date to ***Hear*** Motion to Amend Pleadings /Add Parties | | 6 | | | |
| **Event**[1] | | **Weeks Before FPTC** | Pl(s)' Date mm/dd/yyyy | Def(s)' Date mm/dd/yyyy | Court Order mm/dd/yyyy |
| Fact Discovery Cut-Off **(no later than deadline for *filing* dispositive motion)** | | 22 | | | |
| Expert Disclosure (Initial) | | 21 | | | |
| Expert Disclosure (Rebuttal) | | 19 | | | |
| Expert Discovery Cut-Off | | 17[2] | | | |
| Last Date to ***Hear*** Motions | | 11 | | | |
| Deadline to Complete Settlement Conference [L.R. 16-15]  *Select* one: [ ] 1. Magistrate Judge *(with Court approval)* [ ] 2. Court's Mediation Panel [ ] 3. Private Mediation | | 6 | | | [ ] 1. Mag. J. [ ] 2. Panel [ ] 3. Private |

8.

| Event | Weeks Before FPTC | Pl(s)' Date mm/dd/yyyy | Def(s)' Date mm/dd/yyyy | Court Order mm/dd/yyyy |
|---|---|---|---|---|
| **Trial Filings (first round)**<br>• Motions In Limine<br>• Memoranda of Contentions of Fact and Law [L.R. 16-4]<br>• Witness Lists [L.R. 16-5]<br>• Joint Exhibit List [L.R. 16-6.1]<br>• Joint Status Report Regarding Settlement<br>• Proposed Findings of Fact and Conclusions of Law [L.R. 52] *(court trial only)*<br>• Declarations containing Direct Testimony, if ordered *(court trial only)* | 4 | | | |
| **Trial Filings (second round)**<br>• Oppositions to Motions In Limine<br>• Joint Proposed Final Pretrial Conference Order [L.R. 16-7]<br>• Joint/Agreed Proposed Jury Instructions *(jury trial only)*<br>• Disputed Proposed Jury Instructions *(jury trial only)*<br>• Joint Proposed Verdict Forms *(jury trial only)*<br>• Joint Proposed Statement of the Case *(jury trial only)*<br>• Proposed Additional Voir Dire Questions, if any *(jury trial only)*<br>• Evidentiary Objections to Decls. of Direct Testimony *(court trial only)* | 2 | | | |

[1] **The parties may seek dates for additional events by filing a separate Stipulation and Proposed Order. *Class actions and patent and ERISA cases in particular may need to vary from the above.***

[2] **The parties may wish to consider cutting off expert discovery prior to the deadline for *filing* an MSJ.**